Rel: February 6, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

————————————————

### CL-2025-0314

————————————————

**Rex Vaughn, Sam Blakemore, Dwight Gamble, Dr. Jimmie Harvey, James Harwell, Taylor Hatchett, Dr. Eric Jensen, Dr. Angela Martin, Hon. Charles Price, Dr. William Saliski, Loree Skelton, Dr. Jerzy Szaflarski, Dr. H. Mac Barnes, and Dion Robinson, in their official capacities as members of the Alabama Medical Cannabis Commission, and the Alabama Medical Cannabis Commission, a State agency**

**v.**

**Jemmstone Alabama, LLC, Bragg Canna of Alabama, LLC, Insa Alabama, LLC, and Alabama Always, LLC**

————————————————

### CL-2025-0330

————————————————

**Ex parte Rex Vaughn, Sam Blakemore, Dwight Gamble, Dr. Jimmie Harvey, James Harwell, Taylor Hatchett, Dr. Eric Jensen, Dr. Angela Martin, Hon. Charles Price, Dr. William**

**Saliski, Loree Skelton, Dr. Jerzy Szaflarski, Dr. H. Mac Barnes, and Dion Robinson, in their official capacities as members of the Alabama Medical Cannabis Commission, and the Alabama Medical Cannabis Commission, a State agency**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: Jemmstone Alabama, LLC, et al.**

**v.**

**Alabama Medical Cannabis Commission et al.)**
_____

**CL-2025-0337**
_____

**Trulieve AL, Inc.**

**v.**

**Jemmstone Alabama, LLC, Insa Alabama, LLC, Bragg Canna of Alabama, LLC, and Alabama Always, LLC**

**Appellate Proceedings from Montgomery Circuit Court
(CV-23-901800)**

PER CURIAM.

These consolidated appellate proceedings typify the occasionally torturous landscape of commercial and regulatory efforts to launch medical-cannabis licensing and dispensing in Alabama. They each arise from a civil action originally brought by Jemmstone Alabama, LLC ("Jemmstone"), in the Montgomery Circuit Court ("the circuit court") that

2

has come before this court on three separate occasions concerning other legal questions. See Ex parte Alabama Med. Cannabis Comm'n, 415 So. 3d 661 (Ala. Civ. App. 2024) ("Jemmstone I"); Ex parte Vaughn, 419 So. 3d 56 (Ala. Civ. App. 2024) ("Jemmstone II"); and Alabama Med. Cannabis Comm'n v. Jemmstone Alabama, LLC, [Ms. CL-2024-0529, Apr. 11, 2025] ___ So. 3d ___ (Ala. Civ. App. 2025) ("Jemmstone III"). Our opinion in Jemmstone I summarizes some of the pertinent factual and procedural history:

> "The [Alabama Medical Cannabis Commission ('the AMCC')] is the state agency charged with administering the [Darren] Wesley 'Ato' Hall Compassion Act ('the Act'), Ala. Code 1975, § 20-2A-1 et seq., which regulates the Alabama medical-cannabis industry. See Redbud Remedies, LLC v. Alabama Med. Cannabis Comm'n, 399 So. 3d 1055 (Ala. Civ. App. 2024). The AMCC is composed of 14 members and employs an executive director and an assistant director. See Ala. Code 1975, § 20-2A-20. Among other duties, the AMCC is responsible for licensing integrated facilities. See Ala. Code 1975, § 20-2A-50 et seq. The decision to grant or to deny an application for an integrated-facility license is made by a majority vote of the members of the AMCC present and voting at a meeting. See § 20-2A-20(h).

> "Jemmstone applied to the AMCC for one of five available integrated-facility licenses. Through a series of meetings, culminating with a meeting on December 12, 2023, the AMCC, by the vote of its members, awarded the integrated-facility licenses to applicants other than Jemmstone. On December 27, 2023, Jemmstone commenced a civil action in the circuit court ('the Jemmstone action'),

3

pursuant to Ala. Code 1975, § 41-22-10, a part of the Alabama Administrative Procedure Act ('the AAPA'), Ala. Code 1975, § 41-22-1 et seq., requesting a judgment declaring that the integrated-facility-licensing decisions made by the AMCC through its members were void and requesting an injunction to prevent any action to enforce those licensing decisions; that civil action was assigned case number CV-23-901800.

"In the caption of the complaint filed in the Jemmstone action, Jemmstone named the AMCC as the sole defendant. In the body of the complaint, however, Jemmstone indicated that it was also suing the individual members of the AMCC in their official capacities and identified each member by name and instructed the circuit-court clerk to serve the AMCC's members. The summons provided that the AMCC's members could be served by certified mail addressed to the office of the AMCC's executive director. See Ala. Code 1975, § 20-2A-20(l).

"On December 29, 2023, the circuit court granted Jemmstone's motion to consolidate the Jemmstone action with case number CV-23-231; the circuit court had previously designated case number CV-23-231 to be the 'master case' for administering the mass litigation arising out of the AMCC's integrated-facility-licensing process. On January 3, 2024, the circuit court entered a temporary restraining order in the master case ('the TRO'), stating as a preamble to the order that '[t]his [d]ocument [a]lso [r]elates to ... [the Jemmstone action].' The TRO purports to enjoin the AMCC and its members from 'taking any action in furtherance of December 12, 2023[,] awards of licenses in the Integrated Facility license category, including without limitation the issuance of any licenses.'

"On March 6, 2024, the AMCC and the AMCC's members filed a motion to dismiss the master case and the Jemmstone action. The AMCC and the AMCC's members argued that the master case should be dismissed as a void proceeding because the circuit court lacked subject-matter

4

jurisdiction over a civil action commenced against only the AMCC, which, they argued, was immune from suit due to State or sovereign immunity. See Art. I, § 14, Ala. Const. 2022 (' … [T]he State of Alabama shall never be made a defendant in any court of law or equity.'). As to the Jemmstone action, the AMCC and the AMCC's members asserted that [that] civil action was also a void proceeding due to the doctrine of State or sovereign immunity, contending that the AMCC was the only named defendant in the Jemmstone action because Jemmstone had not included the names of the AMCC's members in the caption of the complaint as required by Rule 10(a), Ala. R. Civ. P.

"In the motion to dismiss, the AMCC and the AMCC's members also moved the circuit court to vacate the TRO. The AMCC and the AMCC's members primarily argued that the TRO was invalid because it was entered in void proceedings, i.e., the master case and the Jemmstone action. Alternatively, the AMCC and the AMCC's members contended that, even if the Jemmstone action was not a void proceeding, the TRO had not been entered in that case pursuant to Rule 58(c), Ala. R. Civ. P.

"On May 16, 2024, the circuit court denied the motion to dismiss. In its order denying the motion to dismiss, the circuit court determined that Jemmstone had properly named the members of the AMCC as co-defendants in the body of the complaint filed in the Jemmstone action, thereby invoking the subject-matter jurisdiction of the circuit court. The circuit court also concluded that the TRO had been entered in the Jemmstone action so that it was effective, thereby denying the motion to vacate that order."

415 So. 3d at 664-66 (footnotes omitted). In this opinion, we use the same defined terms and designations we used in this excerpt from Jemmstone I.

This court determined that the AMCC had been improperly named as a defendant and ordered the circuit court to dismiss it as a defendant (Jemmstone I, 415 So. 3d at 671) and that the TRO that had been entered against the AMCC was void as contrary to the sovereign-immunity doctrine (Jemmstone III, ___ So. 3d at ___); however, this court determined that the Jemmstone action had also named the AMCC's members as defendants despite their omission from the caption of the complaint and that the members' insufficiency-of-service-of-process contentions had been waived (Jemmstone II, 419 So. 3d at 63-64).

Two of the claims asserted in the body of the first amended complaint in the Jemmstone action (Count Four and the first of two counts identified as "Count Six"), which was filed in the circuit court on March 7, 2024, took issue with the AMCC's adoption of a temporary rule and a permanent rule setting forth "special procedures" to "apply to all license applications that were the subject of" administrative stays on the part of the AMCC or temporary restraining orders entered by the circuit court in August and September 2023 and that were or became "subject to an award of licens[ure] by [the AMCC]" thereafter. See Ala. Admin. Code (Medical Cannabis Comm'n) rr. 538-X-3-.20ER ("the emergency rule") &

538-X-3-.20 ("the permanent rule").  The issue of the validity of the emergency rule was raised in a separate civil action involving another unsuccessful integrated-facility-license applicant, Alabama Always, LLC (Alabama Medical Cannabis Commission v. Alabama Always, LLC, [Ms. CL-2024-0588, Mar. 7, 2025] ___ So. 3d ___, ___ n.2 (Ala. Civ. App.) ("Alabama Always"), cert. denied (Nos. SC-2025-0327 and SC-2025-0330, Dec. 12, 2025)), but was made salient in the Jemmstone action by virtue of a motion filed on October 8, 2024, four days after the issuance of this court's opinion in Jemmstone I, by Jemmstone and two other plaintiffs that had joined the Jemmstone action for the first time in the first amended complaint (Insa Alabama, LLC ("Insa"), and Bragg Canna of Alabama, LLC ("Bragg")); that motion sought the entry of a partial summary judgment as to the issue of the rules' validity (among other issues).[1]  On April 3, 2025, after the circuit court had scheduled a hearing on the motion, AMCC and its members and Trulieve AL, Inc. ("Trulieve"), filed responses in opposition to the partial-summary-judgment motion, asserting, among other things, that they were entitled to a summary

---

[1]Although Alabama Always, LLC, was also listed as a plaintiff in the first amended complaint in the Jemmstone action, that entity did not join in the October 8, 2024, partial-summary-judgment motion.

judgment in their favor; AMCC and its members also filed a new motion on that date seeking dismissal of the claims asserted by Jemmstone, Insa, Bragg, and Alabama Always, LLC ("Alabama Always"), in the first amended complaint.

After an April 15, 2025, hearing on pending motions, the circuit court entered an order on April 21, 2025, declaring that the emergency rule was void and permanently enjoining AMCC's members from taking any action as to the AMCC's December 12, 2023, integrated-facility-licensing determinations, but stating that other claims in the Jemmstone action would remain pending. The AMCC and its members, as well as Trulieve, appealed from that injunctive order (see generally Rule 4(a)(1)(A), Ala. R. App. P., regarding the immediate right of appeal from interlocutory injunctive orders), and that order was stayed by this court pending review of the circuit court's decision. Further, the AMCC and its members timely petitioned for the issuance of a writ of mandamus directing the circuit court to grant their April 3, 2025, motion to dismiss. Those appeals and the mandamus petition were later consolidated for purposes of briefing and decision, and, because of our conclusion that the mandamus petition is due to be granted in light of several of our previous

holdings involving subject-matter-jurisdiction questions as to civil actions against the AMCC and its members arising from the realm of medical-cannabis licensing, we dismiss the appeals as having been taken from void judgments.

As Jemmstone I indicates, the Jemmstone action originally sought a judgment declaring that the integrated-facility-licensing decisions made by the AMCC's members were void and enjoining any action to enforce those licensing decisions. As ultimately amended, the complaint in the Jemmstone action asserts several discrete types of substantive claims, including (a) claims against the AMCC and its members, along with the Alabama Department of Agriculture and Industries ("the Department") and the Department's director, concerning the awarding and issuance of integrated-facility and cultivator licenses without sufficient input from the Department (Counts One through Three); (b) claims that the permanent rule and the emergency rule, respectively, are invalid (Count Four and the first count labeled "Count Six"); and (c) claims that the AMCC's actions as to preaward scoring of applicants and intent to hold postaward investigative hearings are improper (Count Five

and the second count labeled "Count Six").[2]  The circuit court's partial summary judgment in favor of Jemmstone and the other plaintiffs and the permanent injunctive relief address only claims within the second of these types, but that judgment, in effect, represents a refusal to grant the motion to dismiss filed by the AMCC and its members directed to the entirety of the action.

In their mandamus petition, the AMCC and its members suggest that dismissal of all claims in the Jemmstone action is compelled by this court's decisions in Southeast Cannabis Co. v. Alabama Medical Cannabis Commission, [Ms. CL-2024-0300, Dec. 20, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024) ("Southeast"), cert. denied sub nom.; Ex parte TheraTrue Alabama, LLC, [Ms. SC-2025-0006, Oct. 31, 2025] ____ So. 3d ___ (Ala. 2025); Alabama Always, supra; and Alabama Medical Cannabis Commission v. TheraTrue Alabama, LLC, [Ms. CL-2024-0582, Mar. 21, 2025] ___ So. 3d ___ (Ala. Civ. App. 2025) ("TheraTrue").  A review of those cases indicates that the position of the AMCC and its members is sound.

---

[2]Counts Seven and Eight in the Jemmstone action simply seek injunctive relief as a remedy with respect to the plaintiffs' substantive claims.

10

In Southeast, this court noted that the AMCC, after having made an initial solicitation for applications as to all classifications of medical-cannabis licensure, approved in June 2023 license applications submitted by, among others, integrated-facility applicants Southeast Cannabis Company and TheraTrue Alabama, LLC, and dispensary applicant Yellowhammer Medical Dispensaries, LLC; however, in August 2023, the AMCC voted to "void" those approvals, but thereafter it acted to again approve those three applicants. After the circuit court had issued a temporary restraining order barring the AMCC from taking any further action on the August 2023 approvals, the AMCC stayed the issuance of licenses to the three chosen applicants and, after adoption of the emergency rule, rescinded those later approvals and restarted the application-review process, ultimately leading to new decisions on the part of the AMCC in December 2023 not to approve the three applicants for licensure. In reviewing a summary judgment subsequently entered in favor of the AMCC and its members on the three applicants' civil actions brought under the ostensible authority of the AAPA, seeking to challenge the rescission of approval of the three applicants for licensure, this court framed the key issue in Southeast as whether "the AMCC had

the authority to rescind the licenses that it had awarded" (___ So. 3d at ___). This court concluded in Southeast that the AMCC indeed had the "inherent authority" to rescind its August 2023 decisions to approve the three applicants (which rescission, we held, did not constitute revocation of an issued license) and that the applicants did not have standing under the AAPA to seek a judgment declaring that the AMCC did not properly adopt administrative rules allowing it to exercise discretion to stay issuance of particular medical-cannabis licenses (___ So. 3d at ___-___).

In Alabama Always, this court considered the propriety of an interlocutory order of the circuit court determining that an integrated-facility applicant, who had been denied approval by the AMCC at all three decision points in June 2023, August 2023, and December 2023, had a reasonable chance of success on its claims that the AMCC had failed to comply with its applicant-scoring rules and that AMCC's investigative-hearing process to determine whether to award medical-cannabis licenses to previously approved applicants or to previously denied applicants were in violation of the AAPA. This court concluded that the circuit court had lacked subject-matter jurisdiction to enter that interlocutory order. As to the claim that the AMCC had failed to follow

its applicant-scoring rules, we noted that such claims could properly be brought only in an appeal from a final licensing decision and concluded that the AMCC's December 2023 application approvals were not final decisions given the decision of the AMCC not to actually issue any licenses, i.e., to stay the issuance of any integrated-facility licenses notwithstanding having approved applicants other than the aggrieved applicant. See Alabama Always, ___ So. 3d at ___-___. As to the claim that the AMCC did not sufficiently specify the parameters of an investigative hearing afforded to applicants that are not approved, this court concluded that the aggrieved applicant's dispute was not ripe for judicial determination -- "[u]nless and until the AMCC and the commissioners are allowed to proceed, it remains speculative as to whether … they will impair or threaten to impair the procedural right of [the aggrieved applicant] to a contested-case hearing." Id. at ___.

In TheraTrue, applicants for integrated-facility and dispensary licenses initiated actions, ostensibly under the AAPA, against the AMCC in the circuit court, seeking both review of the decisions of the AMCC not to approve their applications and awards of declaratory and injunctive relief; the plaintiffs in that case asserted that the AMCC had failed to

13

comply with administrative regulations governing scoring of medical-cannabis applications. In reviewing an award of a preliminary injunction against the AMCC, this court observed that "[a] party may not maintain a civil action for declaratory and injunctive relief against the AMCC, even pursuant to § 41-22-10," Ala. Code 1975, the portion of the AAPA upon which Jemmstone and the other plaintiffs in this case had relied (___ So. 3d at ___). We also noted, citing Alabama Always, that no final, appealable decisions had been made by the AMCC as to who would receive integrated-facility and dispensary licenses and opined that "the circuit court can remedy any errors the AMCC may have committed in failing to comply with its internal licensing rules." ___ So. 3d at ___. We therefore directed the circuit court to dismiss the appeals brought by the applicants in TheraTrue challenging the AMCC's December 2023 licensure approvals. ___ So. 3d at ___.

In these appellate proceedings, the claims asserted in the circuit court by Jemmstone, Insa, Bragg, and Alabama Always in the first amended complaint generally posit that (a) the AMCC and its members unlawfully awarded cultivator and integrated-facility licenses in the absence of statutorily required participation of the Department (Counts

14

One, Two, and Three);[3] (b) the AMCC and its members did not comply with the AAPA in adopting the emergency rule and the permanent rule; and (c) the AMCC and its members did not, in making the most recent licensing awards in December 2023, comply with regulations governing scoring and did not implement a valid investigative-hearing process with respect to administrative review as to those awards. However, the circuit court lacks subject-matter jurisdiction at this time to adjudicate any of those claims. As to the first and third sets of claims, our opinions in Alabama Always and TheraTrue make clear that the AMCC's December 2023 licensure decisions are purely interlocutory in nature and that the plaintiffs' challenges thereto in the Jemmstone action are not ripe for adjudication. Regarding the claims that the AMCC and its members failed to comply with the AAPA in adopting the emergency rule and the permanent rule, the portion of the AAPA authorizing declaratory-judgment actions (Ala. Code 1975, § 41-22-10) expressly conditions a

---

[3]Although the Act as originally adopted in 2021 did contain provisions envisioning participation by the Department in decisions involving cultivator and integrated-facility licensure applications, those provisions were deleted in amendments to the Act adopted by the legislature in 2024. Compare Ala. Acts 2021, Act No. 2021-450, with Ala. Acts 2024, Act No. 2024-342.

circuit court's jurisdiction upon actual or threatened "interfere[nce] with or impair[ment of] … the legal rights or privileges of the plaintiff," as this court noted in Alabama Always; here, any legal infirmity of the preliminary-presentation rules that the circuit court purported to strike down would in no way impair the plaintiffs' rights to demonstrate their claimed entitlement to ultimate issuance of licenses by the AMCC via the investigative-hearing mechanism, see Southeast (declining to find that particular applicants had standing to assert a claim under § 41-22-10 when application of administrative rule did not impair whatever legal rights and privileges applicants possessed).

Based upon the foregoing facts and authorities, we conclude that the circuit court acted outside its discretion in not granting the motion to dismiss filed by the AMCC and its members based upon its lack of subject-matter jurisdiction over the Jemmstone action. Because no such subject-matter jurisdiction existed, the circuit court's April 21, 2025, injunctive order in the Jemmstone action was necessarily void and will not support an appeal. Accordingly, we dismiss case nos. CL-2025-0314 and CL-2025-0337, i.e., the appeals taken by the AMCC and its members and by Trulieve, and we grant the petition for the writ of mandamus filed

16

by the AMCC and its members in case no. CL-2025-0330; the circuit court is directed to dismiss the Jemmstone action without prejudice to judicial review that may lie pursuant to the AAPA with respect to a final administrative determination regarding which applicants the AMCC deems entitled to be issued medical-cannabis licenses following the holding of investigative hearings as envisioned by the Act.

CL-2025-0314 -- APPEAL DISMISSED.

CL-2025-0330 -- PETITION GRANTED; WRIT ISSUED.

CL-2025-0337 -- APPEAL DISMISSED.

All the judges concur.